Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS E. SLOCKBOWER, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF HAYT, HAYT & LANDAU, LLC;<br>MARTIN RUBIN;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><u>**CLASS ACTION COMPLAINT**</u> |

Plaintiff, Thomas E. Slockbower, individually and on behalf of all others similarly situated, by way of Complaint against Defendants, Law Offices of Hayt, Hayt & Landau, LLC and Martin Rubin; and John Does 1 to 10, says:

**I.     NATURE OF THE ACTION**

1.     This action for damages arises from Defendants violations of the Fair Debt Collection Practices Act[1] ("FDCPA").

---

[1] 15 U.S.C. § 1692 *et seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

## III. PARTIES

4. Plaintiff, Thomas E. Slockbower, is a natural person residing in Sussex County, New Jersey.

5. Defendant, Law Offices of Hayt, Hayt & Landau, LLC ("HHL"), is collection law firm with its principal place of business at Two Industrial Way West, Eatontown, New Jersey 07724.

6. Defendant, Martin Rubin ("Rubin"), is an attorney-at-law of the State of New Jersey engaged in the practice of law as a principal attorney and managing member of HHL.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

8. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV. FACTS

9. Defendants are not in the business of extending credit, selling goods or services to consumers.

10. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. The principal purpose of Defendants is the collection of defaulted debts.

12. HHL is a collection law firm.

13. At all times relevant hereto, Rubin, as the principal owner, officer, director, shareholder, and/or managing partner of HHL, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of HHL complained of herein.

14. Rubin, on behalf of HHL, drafted and/or approved the form and the language of the documents described herein.

15. HHL files thousands if not tens of thousands of collection lawsuits in the State of New Jersey.

16. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from Capital One Bank (USA), N.A. ("Debt" or "Account").

17. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

18. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

19. Defendants contend that the Account was past-due and in default.

20. In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on January 26, 2018 ("HHL Letter").

21. A true copy of the HHL Letter, but with redactions, is attached as **Exhibit A**.

22. On information and belief, the HHL Letter is mass-produced, computer-generated, form letters that are prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

23. Plaintiff received and reviewed the HHL Letter.

24. Defendants failed to disclose that the balance would increase which the Defendants would attempt to collect in the future.

25. The HHL Letter fails to disclose that Defendants would be attempting to collect the additional balance.

26. The least sophisticated consumer would be uncertain as to whether the current balance was continuing to increase because there was no disclosure that the balance would continue to increase.

27. The HHL Letter failed to clearly and accurately state the amount of the debt as required by the FDCPA.

28. Defendants used the same procedures used in failing to inform Plaintiff that the Account was continuing to accrue interest, that the balance stated in the HHL Letter was not a static amount, and that the balance stated on the letter included additional interest and amounts, in their attempts to collect debts from numerous other New Jersey consumers.

29. During the period from one year before this Complaint is filed to the present, Defendants used the same unlawful procedures in their attempts to collect debts from numerous New Jersey consumers.

30. It is the Defendants' policy and practice to fail to disclose that the balances are continuing to accrue interest, the balances stated in the letters are not a static amount, and the balance stated on the letters included additional costs and amounts; which is an unfair, unconscionable, false, deceptive and misleading practice violative of the FDCPA.

## V.   CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

33. Subject to discovery and further investigation which may cause Plaintiff to expand restrict or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of the class initially defined as follows:

> All natural persons with addresses in the State of New Jersey, to whom, beginning January 28, 2018 through and including the final resolution of this case, Defendants sent one or more letter(s) in attempts to collect a debt which failed to disclose that the alleged balances were continuing to increase.

34. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

35. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

36. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are debt collectors under the FDCPA;

    B. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f by failing to disclose that the balances were accruing interest, by failing to itemize and identify which amounts were principal, interest and fees; by failing to clearly and accurately state the amount of the alleged debts;

    C. Whether Plaintiff and the Class are entitled to statutory damages.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

38. Plaintiff's claims are typical of the claims of the members of the Class.

39. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

40. Plaintiff does not have interests antagonistic to those of the Class.

41. The Class, of which Plaintiff is a member, is readily identifiable.

42. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

43. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

44. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

46. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

47. The debts alleged to be owed by Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

48. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

49. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

50. The HHL Letter, and similar letters, sent by Defendants to Plaintiff and other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

51. The HHL Letter, and similar letters, were sent by Defendants to Plaintiff and those similarly situated in an attempt to collect the debts.

52. Defendants conduct described above violated the FDCPA in one or more of the following ways:

   a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

   b. Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

   c. Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10); and

   d. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f.

53. The violations of the FDCPA described herein constitute *per se* violations.

54. Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thomas E. Slockbower, on behalf of himself and others similarly situated, demands judgment against Defendants, Law Offices of Hayt, Hayt & Landau, LLC and Martin Rubin as follows:

   A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

   B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

   C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1); to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim

Dated: January 28, 2019